IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11377
No. 97-10150
Summary Calendar

_____

CALVIN K. ADAM,

Plaintiff-Appellant,

versus

DICKINSON PLACE CHARITABLE CORPORATION;
DONALD LEARNER,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:96-CV-1358-D
- - - - - - - - - -
June 11, 1997

Before Wisdom, Jolly, and Benavides, Circuit Judges.

PER CURIAM:[*]

Calvin Adam was denied access to the East Dallas Senior Citizen's Center, a federally funded facility located on the premises of a senior-citizen's housing facility owned by Dickinson Place Charitable Corporation ("Dickinson") and administered by Donald Learner. Adam filed suit against Dickinson and Learner alleging that he suffers from a manic-depressive

_____

[*] The court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

bipolar disorder and contending that he was denied access to the Center because of his mental condition in violation of § 12182(a) of the Americans with Disabilities Act and §794 of the Rehabilitation Act. The district court found that Adam failed to present evidence from which a trier of fact could infer that he was disabled within the meaning of the Acts and entered summary judgment in favor of Dickinson and Learner, dismissing Adam's disability-discrimination claim with prejudice. On appeal Adam argues that the district court erred in finding that he failed to present qualifying evidence that he was "disabled" within the meaning of the Americans with Disabilities Act or the Rehabilitation Act of 1973. He also argues that the district court erred in failing to find that he was perceived as being disabled. We have reviewed the record and the briefs of the parties and conclude that summary judgment was appropriate. Adam's conclusional allegation that his mental condition "limits [his] life activities" is insufficient to create a genuine issue of material fact.[1] Adam's newly raised argument that he was discriminated against based on a perceived disability does not rise to the level of plain error.[2]

    AFFIRMED.

---

[1]    *See* <u>Waggonner v. City of Garland, Texas</u>, 987 F.2d 1160, 1166(5th Cir. 1993).

[2]    *See* <u>Highlands Ins. Co. v. Nat'l Union Fire Ins</u>. Co., 27 F.3d 1027, 1031-32 (5th Cir. 1994), *cert. denied*, 513 U.S. 1112 (1995).